UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERT B.,<br><br>   Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI,<br><br>   Defendant. | Case No. 5:22-cv-00865-EJD<br><br>**ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 24, 29 |

Plaintiff Albert B. appeals a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Title II and Title XVI benefits.

The parties have filed cross-motions for summary judgment. Upon consideration of the papers and the relevant evidence of record, for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS for an immediate calculation and award of benefits.

**I. BACKGROUND**

 **A. Factual History[1]**

Plaintiff is 59 years old and has a history of alcohol abuse since 1988 when he was divorced and survived a four-story fall the same year. Administrative Record ("AR") 3845, 4021, 4095, ECF No. 14. As a result of the fall, Plaintiff has extensive medical and treatment records dating back to 1997, showing a history of mental and physical impairments. AR 544, 1540, 3845,

---

[1] The Commissioner concedes that the ALJ properly summarized the record. AR 4740–56.
Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT

1

4021, 4096.  These issues include major depressive disorder, attention deficit and hyperactivity disorder, borderline personality disorder, antisocial personality disorder, alcohol use disorder, pelvic inflammation, degenerative disc disease, right shoulder impairment, and chronic back pain. AR 544, 4743.  Additionally, in 1997, Plaintiff had a spect scan performed that showed Anterior Cingulate Gyrus damage.  AR 3845, 4449-53.  Plaintiff has also had 44 emergency room visits over a period of ten years, beginning in 2008.  Pl.'s Mot. Summ. J., at 11, ECF No. 24.

In addition to his medical history, Plaintiff has been arrested multiple times for DUIs resulting in him being incarcerated for extensive periods of time.  AR 466–547, 548–788, 1638–1772, 1773–1803, 1804–1881.  In 2007, Plaintiff attempted to commit suicide while he was in prison.  AR 1806.  Plaintiff has also participated in nine rehabilitation programs for his substance abuse issues.  AR 874.  As a result of his physical and mental limitations, Plaintiff could no longer work and filed for disability.  AR 300–307, 308–314.

**B.     Procedural History**

**1.     Pre-Remand Proceedings Before ALJ Cheryl Tompkin**

Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on May 23, 2016.  AR 300–307, 308–314.   In both applications, Plaintiff alleged that he had been disabled since December 31, 2009.  AR 26.  Plaintiff's applications were denied initially on July 20, 2016, and again on reconsideration on September 16, 2016.  AR 235, 241.  Plaintiff then requested a hearing by an ALJ, which initially resulted in an unfavorable decision on July 30, 2018.  AR 44, 63. However, on August 3, 2018, after Plaintiff filed a request to re-open the unfavorable decision, ALJ Cheryl Tompkin vacated the unfavorable decision and issued a partially favorable decision due to an error in Plaintiff's age category.  AR 17, 42.  The partially favorable decision found that Plaintiff was disabled beginning June 11, 2018.  AR 42.  Plaintiff subsequently sought review by the Appeals Council, who affirmed the ALJ decision.  AR 1.  Plaintiff then sought judicial review of the decision.  AR 4865.

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
2

### 2.     Judge Seeborg's March 27, 2020 Remand Order

Before the district court, both parties stipulated to a voluntary remand for further administrative action. AR 4873. Judge Seeborg ordered that on remand the Appeals Council affirm the finding that Plaintiff became disabled beginning June 11, 2018, and further remand the case to an ALJ for a new decision for the period prior to June 11, 2018. AR 4875.

In its own remand, the Appeals Council specified several issues for the ALJ to address, such as considering significant symptoms related to Plaintiff's mental limitations that were left out of ALJ Tompkin's decision, the ALJ's conclusion of Dr. Cicinelli's opinion contradicting his own testimony on record, and the potential need to analyze materiality of substance abuse per Social Security Ruling 13-2p ("SSR"). AR 4882–83. In addition, the Appeals Council ordered the ALJ on remand to obtain medical expert evidence related to functional limitations resulting from Plaintiff's impairments if necessary, further evaluate Plaintiff's mental impairments, give further consideration to medical source opinions, give further consideration to Plaintiff's residual functional capacity ("RFC"), obtain supplemental evidence from a vocational expert ("VE") if necessary, and conduct further proceedings related to potential materiality of drug and alcohol addiction ("DAA"). AR 4883.

### 3.     Post-Remand Proceedings Before ALJ David LaBarre

On remand, ALJ LaBarre held a telephonic hearing on September 28, 2021. AR 4768–4862. ALJ LaBarre issued an unfavorable decision on November 2, 2021. AR 4756. ALJ LaBarre found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 31, 2009, and that Plaintiff had the following severe impairments: degenerative disc disease, right shoulder impairment, major depressive disorder, attention deficit and hyperactivity disorder, borderline personality disorder, antisocial personality disorder, and alcohol use disorder. AR 4743. However, ALJ LaBarre concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in the commission's regulations. AR 4743.

Ultimately, ALJ LaBarre determined that Plaintiff has the RFC to perform "light work,"

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
3

with exceptions. AR 4745. These exceptions included: "work in a low stress environment," where there were no duties "involving confrontation, conflict resolution, mentoring, or supervision." AR 4745. Additionally, Plaintiff would be absent once a month and off task 30% of an 8-hour workday. AR 4745. Furthermore, the ALJ found that Plaintiff could not perform any past relevant work due to its "heavy work" nature and his current RFC. AR 4748. The ALJ then found that "there were no jobs that existed in significant numbers in the national economy that the claimant could have performed." AR 4748.

However, the ALJ also found that Plaintiff's substance use disorder was material to his disability. AR 4746. Specifically, the ALJ found that, if Plaintiff stopped the substance use, he would no longer be absent once a month or off task 30% of an 8-hour workday. AR 4751. A vocational expert (VE) testified that, when considering all limitations other than the absence or time off task, Plaintiff would be able to perform several "light occupations" such as routing clerk, silver wrapper, and bottle packer. AR 4756. Due to the materiality of the substance use, ALJ LaBarre ultimately held that Plaintiff has not been disabled, as defined by the Social Security Act, at any time from the alleged onset to the date of the decision. AR 4756. Plaintiff then filed this appeal seeking judicial review of the decision denying his application for benefits.

## II.  LEGAL STANDARD

Under 42 U.S.C. § 405(g), the Court is authorized to review the Commissioner's decision to deny benefits. The ALJ's decision may be set aside if the decision is not supported by substantial evidence or if it applies the wrong legal standard. *See Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citation omitted). The term "substantial evidence" means "more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation omitted). In its analysis, the Court must consider the administrative record as a whole, weighing supporting and adverse evidence. *Id.* Ultimately, "if the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the commissioner." *Lingenfelter*, 504 F.3d at 1035.

Case No.:   5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
4

## III. DISCUSSION

Plaintiff raises six challenges to ALJ LaBarre's decision, all pertaining to the grounds on which Judge Seeborg remanded the case. The Commissioner does not directly respond to any of Plaintiff's challenges, simply conceding that remand is required due to the ALJ's erroneous evaluation of the medical opinion of Dr. Richard Cicinelli. In other words, the parties primarily dispute what type of remand the Court should order: either a remand for further administrative proceedings or remand for payment of benefits under the credit-as-true doctrine.

When an error is found, "the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (citation omitted). However, the Court may instead remand for an award of benefits only if the three factors of the "credit-as-true" rule are met. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). First, the Court determines whether the record has been fully developed, if there are any outstanding issues that must be resolved, or if further administrative proceedings would serve a useful purpose. *See Leon*, 880 F.3d at 1047. Second, the Court determines whether "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Finally, the Court analyzes whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id*. Even if all three factors are met, however, the Court may decline to remand for an award of benefits if, upon review of the record as a whole, there is "serious doubt" that the claimant is disabled. *Id.* at 1021.

Before addressing each credit-as-true factor, the Court finds that a productive discussion of factor three—*i.e.*, whether the ALJ would be required to find the claimant disabled on remand— would require it to first review ALJ LaBarre's DAA materiality analysis.[2]

---

[2] Plaintiff argues that the ALJ erred in their finding that DAA is material to the finding that Plaintiff is disabled. Pl.'s Mot. Summ. J., ECF No. 24. Defendant does not respond to the merits of the ALJ's finding but rather contends that the specialized review under SSR 13-2p is further reason to remand for further proceedings.

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
5

### A. Materiality of DAA

Under 42 U.S.C. § 423(d)(2)(C), an individual cannot be found to be disabled if alcoholism or drug addiction are material to the determination of the disability. Where evidence of DAA is present, an ALJ must conduct additional analysis to determine whether the DAA is a "contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535, 416.935. If the adjudicator finds that Plaintiff's remaining limitations would still be disabling if DAA was not present, then DAA is not material. *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007). However, if the remaining limitations are not disabling without DAA, then DAA is material to the disability determination, and the individual cannot be found to be disabled. *Id.*

SSR 13-2p provides the framework for analyzing DAA materiality to a claimant's mental impairment, noting that "many people with DAA have co-occurring mental disorders . . . ." SSR 13-2p, 2013 WL 621536, at *9 (Feb. 20, 2013). Unlike physical impairments, the SSA has indicated that there is no research data that can reliably predict how a mental disorder will be affected if DAA ceases and, accordingly, does not permit adjudicators to rely exclusively on the nature of a claimant's mental disorder in finding DAA materiality. SSR 13-2p, 2013 WL 621536, at *9. To conclude that DAA is material, SSR 13-2p requires the ALJ to explain the rationale supporting a materiality finding so that a subsequent reviewer can determine whether the rationale meets legal requirements and is supported by substantial evidence. 2013 WL 621536, at *2.

The Court concludes that the ALJ committed legal error in his DAA materiality analysis. First, the ALJ's failure to apply the standards prescribed in SSR 13-2p was legal error. Second, the ALJ substituted his own opinion in lieu of the medical opinions of eight physicians and, therefore, his finding that Plaintiff's impairments would improve to the point of nondisability without DAA is not supported by substantial evidence.

#### 1. Failure to Apply SSR 13-2p Standards

The ALJ failed to apply SSR 13-2p in two respects: (1) he did not provide a sufficient explanation for his DAA materiality determination; and (2) he did not properly analyze Plaintiff's periods of abstinence.

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
6

#### a. Lack of Sufficient Explanation

First, the ALJ erred by failing to provide a sufficient explanation for his materiality determination. The guidance in SSR 13-2p specifically requires an ALJ to explain the rationale supporting a determination on DAA materiality. Here, when considering all impairments including substance abuse, the ALJ determined that, *inter alia*, Plaintiff would be absent once per month and off task 30% of an 8-hour workday, which are limitations that would preclude all work. AR 4745, 4748. Subsequently, when considering Plaintiff's limitations if DAA were to be removed, the ALJ found that all other limitations would persist *except* that Plaintiff would *not* be absent once per month or off task 30% of the day. *See* AR 4755–56. Critically, however, the ALJ failed to provide any explanation as to why these limitations are the result of and attributed to Plaintiff's substance abuse, as opposed to any of his co-occurring mental impairments. AR 4746–47; *see* SSR 13-2p, 2013 WL 621536, at *4 (stating that "[i]f the claimant has [an] . . . impairment[] that results in disability and DAA is not causing or does not affect the other impairment[] to the point where the other impairment[] could be found nondisabling in the absence of DAA, DAA is not material to the determination of disability."). The ALJ's failure to provide that explanation leaves the Court "[un]able to understand the basis for the materiality finding and the determination of whether the [Plaintiff] is disabled." SSR 13-2p(b), 2013 WL 621536, at *2.

Another court in this district recently addressed the consequences for failing to apply SSR 13-2p in *J.N. v. Kilolo Kijakazi*, where it held that the ALJ's "failure to address SSR 13-2p [was] far from harmless" and "a sufficient basis to reverse the decision of the Commissioner." 2023 WL 2699979, at *10 (N.D. Cal. Mar. 28, 2023). In *J.N.*, the ALJ found that DAA was material to claimant's disability because he would be fifteen minutes late to work and precluded from any work while using substances. *Id.* However, in making his materiality determination, the ALJ provided no rationale, nor did he cite to any medical evidence that the lateness was caused by the claimant's DAA. *Id.* The Court accordingly determined that the ALJ's failure to provide an explanation for the materiality finding was erroneous under SSR 13-2p and ultimately remanded

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
7

for a determination of benefits. *Id.* at \*\*10, 15. Here, the ALJ made the same error as the ALJ in *J.N.* because he failed to provide any medical evidence or explanation that Plaintiff's absence and off-task limitations are caused by DAA.

### b. Periods of Abstinence

Second, to the extent the ALJ relied on Plaintiff's periods of abstinence as evidence of DAA materiality, he again failed to apply the standards provided under SSR 13-2p and his finding is unsupported by substantial evidence. In particular, SSR 13-2p recognizes that "[i]mprovement in a co-occurring mental disorder in a highly structured treatment setting . . . may be due . . . to treatment for the co-occurring mental disorder, not (or not entirely) the cessation of substance use." 2013 WL 621536, at \*12. Additionally, a mental disorder may still be disabling even when symptoms are reduced during times of structure and support. *Id.* "[A] record of multiple hospitalizations, emergency department visits, or other treatment for the co-occurring mental disorder—with or without treatment for DAA—is an indication that DAA may not be material even if the claimant is discharged in improved condition after each intervention." *Id.* at \*13.

In finding a correlation between Plaintiff's abstinence from alcohol and his ability to function, the ALJ committed the exact error that SSR 13-2p sought to avoid: conflating improvements over periods of structured mental health treatment with improvement due to abstinence from alcohol. For example, the ALJ cited to medical records in 2009 as improvement with depression and ADHD; however, these records only provide evidence of structured medical plans without any details regarding whether Plaintiff's mental health improvements are attributable to abstinence, as opposed to the overall treatment program. *See* AR 3333. The ALJ also relied heavily on notes taken by Dr. Said Ibrahimi (a treating psychologist in 2015 and 2016), as evidence of improved mental impairments during times of abstinence. Once again, however, these improvements took place during a period when Plaintiff was in a structured outpatient treatment setting. *See* AR 4399. Indeed, the ALJ directly conflicted with SSR 13-2p when he cited to Plaintiff's numerous emergency room visits as evidence of materiality (AR 4747), despite the regulation expressly stating that "[A] record of multiple . . . emergency department visits . . .

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
8

for the co-occurring mental disorder—with or without treatment for DAA—is an indication that DAA may not be material . . . ." 2013 WL 621536, at *13. In relying on these periods of improvement, the ALJ wholly failed to consider—and in fact effectuated—the correlation risk raised in SSR 13-2p that any perceived improvement would be attributable to Plaintiff's treatment for mental health and *not* abstinence from alcohol.

Conversely, evidence in the record suggests that abstinence *did not* improve Plaintiff's mental limitations. Plaintiff's most severe mental health episode—a suicide attempt—occurred when Plaintiff was incarcerated and could not have had access to alcohol. AR 4813. Additionally, Drs. Caruso-Maxey and O'Connell (treating physicians in 2016 and 2017) both evaluated Plaintiff during periods when he *was not* abusing alcohol and nonetheless opined that he would continue to have severe mental impairments. AR 4447, 4490, 4499 (answering in RFC questionnaires that Plaintiff would be off task 30% of an eight-hour workday and that this limitation *would not* materially change if DAA ceased.). These countervailing facts further erode the "substantial evidence" that must support the ALJ's factual findings.

The ALJ's failure to address SSR 13-2p was ultimately not harmless, because his lack of explanation for his materiality determination and erroneous analysis of periods of abstinence applied an incorrect legal standard and resulted in factual findings that are unsupported by "substantial evidence."

### 2.     ALJ v. Medical Expert Opinions

In addition to failing to properly apply SSR 13-2p, the ALJ's analysis also fails to properly weigh medical expert opinions.

Because Plaintiff brought his original claim in 2016, the SSA's pre-2017 regulations apply, requiring ALJs to "give greater weight to certain medical opinions." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). "Opinions from treating physicians receive more weight than opinions from examining physicians, and opinions from examining physicians receive more weight than opinions from non-examining physicians." *Id.* Additionally, if an ALJ rejects an uncontested opinion of an examining or

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
9

treating physician, "he must provide 'clear and convincing' reasons supported by substantial evidence." *Id.* Therefore, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison,* 759 F.3d at 1012–13. Critically, an ALJ may not substitute his own lay opinion for that of a medical physician. *See Pilgreen v. Berryhill*, 757 F. App'x 618, 619 (9th Cir. 2019); *see also Day v. Weinberger*, 522 F.2d 1154, 1156–57 (9th Cir. 1975). Other circuits have agreed, holding that "an ALJ cannot play the role of doctor and interpret medical evidence." *Liskowitz v. Astrue*, 559 F.3d 736, 741 (7th Cir. 2009) (citing *Murphy v. Astrue,* 496 F.3d 630, 634 (7th Cir.2007)).

Here, the ALJ erred by rejecting medical opinions without "clear and convincing" evidence and by "playing doctor" in supplanting his own lay opinion in lieu of medical practitioners'. The record provides the opinions of eight physicians who all expressly state that DAA is *not* material to Plaintiff's disability, as follows:

- Dr. Elissa Benedek, MD, testifying medical expert: Finding that Plaintiff would equal listing 12.04 for major depressive, bipolar related disorders in the absence of alcohol. AR 4776–4777.
- Dr. Richard Cicinelli MD, treating psychiatrist: "From a psychiatric standpoint, I believe that the [Plaintiff's] head injury age 23 may be the prime cause of a cascade of other problems, leading to binge alcoholism, PTSD, depression, and periodic rage." AR 3846. Dr. Cicinelli also expressly indicated in his RFC questionnaire that the impairment would still exist in the absence of drug or alcohol abuse. AR 3842.
- Dr. Heather Caruso-Maxey PhD, treating therapist: "[Plaintiff's] core struggle appears to stem from longstanding attention deficits that create significant impairments in all domains of functioning." AR 4447. Dr. Caruso-Maxey also expressly opined in the subsequent questionnaire that her opinion would not change if Plaintiff was not abusing alcohol. *Id.*

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
10

- Drs. Elizabeth Walser Psy.D. and Lesleigh Franklin PhD, evaluating psychologists: "If [Plaintiff] were to stop his alcohol use, he would still struggle with major depression and his borderline and antisocial personality disorders would still be present. . . . [Plaintiff] would likely have extreme difficulties completing a normal workday without intrusive psychological symptoms, and extreme problems getting to work on time or at all." AR 4101–02.

- Dr. Srijana O'Connell, MD, treating psychiatrist: "Even during times of sobriety—[Plaintiff's] depression continues to be severe and significantly inhibits his ability to function." AR 4499.  Dr. O'Connell also noted that due to Plaintiff's limitations he would be absent from work an average of two times a month and off task 30% of an 8-hour workday.

- Larry Kravitz, Psy.D., state agency review consultant (examined Plaintiff on 7/15/2016): "While [Plaintiff's] drug and alcohol abuse appears to be a significant exacerbating, given the difficulty separating out the substance abuse from psychiatric issues, DAA is not material to this assessment." AR 145.

- Dr. Ida Hilliard, MD, state agency review consultant (examined Plaintiff on 9/15/2016): "While [Plaintiff's] drug and alcohol abuse appears to be a significant exacerbating, given the difficulty separating out the substance abuse from psychiatric issues, DAA is not material to this assessment." AR 189.

Despite the consistent and uniform opinions from all medical experts regarding the materiality of Plaintiff's DAA, the ALJ gave no more than partial weight to any medical opinion. AR 4753–55.  Instead, the ALJ's finding of materiality appears to rely heavily on his own interpretation of the record evidence and excerpts from a single treating psychologist Dr. Said Ibrahimi, neither of which satisfy the standard imposed by the SSA. AR 4746–47, 4751–55.

First, the ALJ advanced his own opinion to conclude that DAA is material by relying on various instances when Plaintiff was admitted to the ER due to intoxication. AR 4746–47.  By concluding that these ER visits indicated that Plaintiff's mental impairments were caused by

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
11

substance abuse, the ALJ's conclusion runs directly counter to the multitude of medical expert opinions that state exactly the opposite, *i.e.*, that alcohol *exacerbates* Plaintiff's disabling co-occurring mental impairments. *See supra* at 10–11; *see also Morgan v. Astrue*, 393 F. App'x 371, 375 (7th Cir. 2010) (finding that "even if substance abuse exacerbated that condition, it 'does not prove that the mental illness itself is not disabling'"). Even the state agency examiners shared the opinion that the ALJ rejected, finding that "given the difficulty separating out the substance abuse from psychiatric issues, DAA is not material to this assessment." AR 145, 189. Despite the consensus of medical opinions indicating that Plaintiff's mental limitations are disabling on their own and are simply exacerbated by substance abuse, the ALJ rejected all of these opinions and instead injected his own lay opinion that Plaintiff's limitations would no longer be disabling if DAA ceased.

Second, the ALJ's determination relied heavily and disproportionately on the initial intake notes from a single physician, Dr. Ibrahimi. The ALJ cited repeatedly to exhibit 9F and 25F (duplicate exhibits of Dr. Ibrahimi's medical notes pertaining to patient visits with Plaintiff) to suggest a correlation between alcohol abstinence and Plaintiff's ability to function. AR 4752. Although Dr. Ibrahimi did indeed note a concern regarding Plaintiff's past legal history and DUI, he expressly does not address the issue of materiality at any point throughout exhibit 9F. AR 1882–1905. In fact, Dr. Ibrahimi qualified his own initial observations by highlighting the need for more "information from previous psychiatrist before going to treatment." AR 1883. And the "previous psychiatrist" to whom Dr. Ibrahimi was referencing (Dr. Cicinelli) had already responded a month prior that Plaintiff's mental impairment would exist in the absence of DAA. AR 3842. Dr. Cicinelli had also seen Plaintiff during the same time period as Dr. Ibrahimi did (throughout 2015 and once in 2016) and had found Plaintiff's mental limitations to persist despite his alcoholism. AR 3845–46. Despite the wide breadth of evidence refuting Dr. Ibrahimi's concerns and opinions concluding that DAA was *not* material to Plaintiff's mental impairments, the ALJ nonetheless disregarded the evidence with the "boilerplate language" that the *Garrison* court expressly cautioned against. *See* AR 4752–55; *see also Garrison*, 759 F.3d 995 at 1012–13

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
12

1  (holding that "an ALJ errs when he rejects a medical opinion . . . criticizing it with boilerplate

2  language that fails to offer a substantive basis for his conclusion.").

3        Although the Court recognizes that it must defer to the ALJ where there are alternative and

4  reasonable interpretations of the evidence, the ALJ's determination that DAA is material to

5  Plaintiff's disability is not supported by "clear and convincing" evidence and instead is an act of

6  playing doctor in lieu of the opinions of eight medical sources.

7        **B.**    **Application of the Credit-as-True Doctrine on Determination of Remand**

8        Having determined that the ALJ did err in his DAA materiality analysis, the Court now

9  assesses the appropriate remedy on remand.  Plaintiff argues the ALJ's error in the determination

10  of materiality of DAA justifies a remand for a calculation of benefits under the "credit-as-true"

11  rule.  Defendant concedes that the ALJ erred in its analysis of Dr. Cicinelli's opinion; however,

12  Defendant also contends that the proper remedy is a remand for further proceedings.

13        The Court may remand for award of benefits under the "credit-as-true" rule if it finds that

14  (1) the record is fully developed and no additional issues must be addressed, (2) the ALJ failed to

15  provide legally sufficient reasons for rejecting evidence, and (3) when reviewing the record as a

16  whole, there is no doubt of disability.  *See Garrison*, 759 F.3d at 1020.  The credit-as-true rule is

17  intended to discourage ALJ's from reaching a conclusion prior to considering competent evidence,

18  prevent duplicative administrative hearings, and ensure that deserving claimants receive their

19  benefits as quickly as possible.  *See Garrison*, 759 F.3d at 1019–1021 (citing *Varney v. Sec'y of*

20  *Health & Human Servs.*, 859 F.2d 1396, 1398 (9th Cir. 1988).

21        Here, the Court finds that an award of benefits under the credit-as-true rule is justified

22  because of the ALJ's errors in his analysis of the DAA materiality determination.  As discussed

23  above, the ALJ found that DAA was material to Plaintiff's disability without conducting any

24  analysis under SSR 13-2p and erroneously substituting his own lay opinion for that of eight

25  medical experts in rejecting contradictory evidence.

26        <u>First</u>, the record has been fully developed, as it includes over 5000 pages of medical

27  testimony, records, and court proceedings, including additional medical expert testimony from Dr.

28  Case No.:  5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
13

United States District Court
Northern District of California

1   Elissa Benedek, in accordance with Judge Seeborg's remand instructions. Moreover, neither party

2   argues that additional opinions would be necessary to resolve the materiality issue. Furthermore,

3   there are no outstanding issues that require further proceedings; the ALJ already found Plaintiff to

4   be disabled when DAA is considered, and the record contains substantial evidence that DAA is

5   not material. *See* AR 4748. Any additional proceedings addressing materiality would conflict

6   with the rule's objective of preventing duplicative administrative hearings. *See Garrison,* 759

7   F.3d at 1019-1021.

8   <u>Second</u>, the ALJ failed to provide legally sufficient reasons for rejecting the uniform

9   medical evidence. As discussed above, the ALJ erroneously rejected evidence of Plaintiff's

10  continued struggles with mental limitations during periods of abstinence and supplanted his own

11  opinion in finding that DAA is material despite eight medical experts making an opposite

12  conclusion. *See supra* section III.B.

13  <u>Third</u>, when the improperly discredited evidence is credited as true, the ALJ would be

14  compelled to find Plaintiff disabled. As discussed above, the record provides multiple medical

15  expert's opinions finding that DAA is *not* material to Plaintiff's disability. Because the ALJ has

16  already found Plaintiff to be disabled when considering DAA, if these opinions that DAA is not

17  material are properly credited as true Plaintiff would have to be found to be disabled.

18  <u>Finally</u>, upon reviewing the record as a whole, there is no "serious doubt" as to Plaintiff's

19  disability. Both previous ALJs have found that Plaintiff is disabled and the issues limiting the

20  disability findings will be set aside. The first issue was related to Plaintiff's age, and the second

21  issue was the materiality of DAA. ALJ LaBarre resolved the first issue when he found Plaintiff to

22  be disabled after analyzing all factors including age. *See* AR 4748. The Court addressed the

23  remaining issue of materiality of DAA above, finding that it was erroneous.

24  In arguing that serious doubt exists, the Commissioner only repeats the already resolved

25  issue that contradiction between experts' opinions regarding Plaintiff's ability to perform work

26  raises doubt of disability. *See* AR 4748. Given that the ALJ found Plaintiff disabled despite

27  contradiction between medical opinions, the Court does not find that this fact raises "serious

28  Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
14

doubt" as to whether Plaintiff is disabled. Thus, given that all three factors of the credit-as-true rule are met and no serious doubt regarding whether Plaintiff is disabled exists; the Court finds that an award of benefits is appropriate.

## IV. CONCLUSION

Based on the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS for an immediate calculation and award of benefits.

**IT IS SO ORDERED.**

Dated: September 29, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-00865-EJD
ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT
15